UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No.: 8:21-cr-238-VMC-JSS

FABER HURTADO-OBREGON

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Faber Hurtado-Obregon's construed pro se Motion for Compassionate Release and for Appointment of Counsel (Doc. # 147), filed on May 24, 2023. The United States of America responded on June 5, 2023. (Doc. # 149). For the reasons set forth below, the Motion is denied without prejudice for failure to exhaust administrative remedies.

I.  **Background**

Pursuant to a plea agreement, on December 20, 2021, Mr. Hurtado-Obregon pled guilty to conspiracy to possess with intent to distribute five kilograms or more of a substance or mixture containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. ## 70, 80). Subsequently, on June 3, 2022, Mr. Hurtado-Obregon was

1

sentenced to a 90-month term of imprisonment and a 60-month term of supervised release. (Doc. ## 139, 140). Mr. Hurtado-Obregon is 21 years old, and his projected release date is December 1, 2027.[1]

In the Motion, Mr. Hurtado-Obregon seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act, because his minor son is autistic and Mr. Hurtado-Obregon's fiancé needs his help to take care of the child. (Doc. # 147). The United States has responded (Doc. # 149), and the Motion is now ripe for review.

## II.  Discussion

The United States argues that the Motion should be denied because Mr. Hurtado-Obregon has failed to exhaust his administrative remedies, has failed to establish and extraordinary and compelling reason for relief, and because the Section 3553(a) factors do not weigh in favor of release. (Doc. # 149). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mr. Hurtado-Obregon argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

>the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States correctly notes that Mr. Hurtado-Obregon has not exhausted his administrative remedies. (Doc. # 149 at 4-5). Mr. Hurtado-Obregon filed his Motion with this Court on May 24, 2023 — less than 30 days after he submitted his request for compassionate release to the Warden on May 9, 2023. (Doc. # 147 at 1, 2). Additionally, Mr. Hurtado-Obregon has not administratively appealed the

3

Warden's denial of his request for compassionate release. Thus, the Motion is denied without prejudice for failure to exhaust administrative remedies.

In the interest of providing clarity to Mr. Hurtado-Obregon, the Court will also address the substantive issues with the Motion. Even if Mr. Hurtado-Obregon had exhausted his administrative remedies, the Motion would be denied because he has not demonstrated that his circumstances are extraordinary and compelling.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at least 10 years or 75 percent of his term of imprisonment, (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy

statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Mr. Hurtado-Obregon bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

In his Motion, Mr. Hurtado-Obregon relies on his family circumstances to justify compassionate release, noting that his minor son is autistic, and his fiancé needs his help to care for their son. (Doc. # 147 at 1). While the Court is sympathetic, Mr. Hurtado-Obregon has failed to establish "the death or incapacitation of the caregiver of the defendant's minor children," which is the only enumerated extraordinary and compelling reason for release related to a defendant's children. Indeed, Mr. Hurtado-Obregon acknowledges that his fiancé is alive and caring for their child. He also makes no allegation — let alone proves — that his fiancé has been incapacitated in any way. See United States of America v. Lawrence Rooks, No. 21-CR-038, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022) (noting that "a defendant typically must

establish that all other potential caregivers for their minor child are incapacitated" and that "it is not enough to show a potential caregiver is merely 'inconvenienced' by the childcare or 'somewhat sick'" — the caregivers must be "completely disabled" to qualify as incapacitated (citations omitted)), aff'd sub nom. United States v. Rooks, No. 22-1332, 2022 WL 2964805 (3d Cir. July 27, 2022); United States v. Ortiz-Lopez, No. 8:11-cr-48-VMC-AAS, 2023 WL 3172560, at *2 (M.D. Fla. May 1, 2023) ("Mr. Ortiz-Lopez has not provided sufficient evidence to prove the incapacitation of the grandparents who are currently caring for the children. While the grandparents may have health issues and receive disability benefits, this does not establish that they are incapable of caring for the children, as they have been doing."). Thus, no extraordinary and compelling reason for compassionate release exists here.

The Court also agrees with the United States that the 18 U.S.C. § 3553(a) factors do not support compassionate release. (Doc. # 149 at 6-8). Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court must also determine that Mr. Hurtado-Obregon is not a danger to any other person or the community. U.S.S.G. 1B1.13(2).

Here, Mr. Hurtado-Obregon "was an integral member of an international drug trafficking operation attempting to transport and distribute approximately 1,354 kilograms of cocaine." (Doc. # 149 at 7). Notably, he has only served approximately 25.2% of his sentence thus far. (Id.). Releasing Mr. Hurtado-Obregon when he has served just over one-fourth of his sentence would not reflect the seriousness of the crime, promote respect for the law, or deter future crimes by Mr. Hurtado-Obregon.

Finally, because the Court finds that Mr. Hurtado-Obregon's Motion must be denied, the Court denies his request for appointment of counsel. See United States v. Mendez-Quinones, No. 8:19-cr-20-VMC-AEP, 2020 WL 6449319, at *3 (M.D. Fla. Nov. 3, 2020) ("Because the Court finds that Mendez-Quinones's Motion must be denied, his request for appointment of counsel is also denied.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Faber Hurtado-Obregon's construed pro se Motion for Compassionate Release and for Appointment of Counsel (Doc. # 147) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of June, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE